UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS J. MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-14-CV-00139-DCG |
| | § | |
| ROBERT MCDONALD, Secretary of Department of Veteran Affairs, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING PLAINTIFF'S MOTION

Presently before the Court is Plaintiff Thomas J. Morris' ("Plaintiff" or "Morris") "Motion for Leave to Amend Complaint" ("Motion") (ECF No. 19), filed on February 5, 2015. Defendant Robert McDonald, Secretary, Department of Veteran Affairs, ("Defendant") responded on February 11, 2015. *See* ECF No. 20. Plaintiff replied on February 16, 2015. *See* ECF No. 21. After reviewing the filings, and the relevant law, the Court issues the following order.

### I. BACKGROUND

This is an employment discrimination and retaliation suit under federal law. Plaintiff commenced the action on April 16, 2014, by filing his Original Complaint. *See* ECF No. 1. Plaintiff subsequently amended his petition twice. *See* ECF Nos. 4, 7. In his Second Amended Complaint, Plaintiff claims that Defendant refused to accommodate his reasonable requests for accommodations and then retaliated against him for raising a claim of discrimination and for requesting reasonable accommodations. *See* Second Amend. Compl. ¶¶ 6–18. Plaintiff also complains that Defendant discriminated against him by creating a hostile work environment based on his disability. *See id.* ¶ 22.

On August 22, 2014, the Court entered a Scheduling Order providing that the parties shall file motions to amend their pleadings by no later than October 21, 2014. *See* Scheduling Order 1–2, ECF No. 13. Plaintiff now moves for leave to file an amended complaint. Plaintiff avers that he seeks leave to file an amended complaint because his employment "status changed since the filing of the [Second Amended] Complaint." *See* Mot. ¶¶ 3–4. Plaintiff also argues that Defendant will not be prejudiced because there is no surprise and discovery is still ongoing. *See id.* at ¶ 5–8.

Defendant opposes the instant motion and requests that the Court deny Plaintiff's Motion to Amend. *See* Resp. 2–5. Defendant contends that Plaintiff's Motion is untimely. *See id.* 2–3. Moreover, Defendant argues that Plaintiff has failed to show good cause for his failure to meet the Court–imposed deadline. *See id.* at 3–4.

## II. DISCUSSION

As a preliminary matter, the Court notes that Plaintiff may not amend his Second Amended Complaint as a matter of right because he seeks to amend it more than twenty–one days after serving it and more than twenty–one days after service of a responsive pleading or a motion under Rules 12(b), (e), or (f) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

It is within this Court's discretion to grant or deny a motion to amend. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). "In the context of motions to amend pleadings, 'discretion' may be misleading, because [Rule] 15(a) 'evinces a bias in favor

of granting leave to amend.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)); *see also Leffall*, 28 F.3d at 524 ("[T]he district court's discretion does not permit denial of a motion to amend unless there is a substantial reason to do so." (citing *Dussouy*, 660 F.2d at 598)).

The Motion is opposed, so Plaintiff may amend his complaint only by leave of the Court. In its Scheduling Order, the Court mandated that parties file all motions to amend or supplement their pleadings by no later than October 21, 2014. *See* Scheduling Order 1–2. Plaintiff filed the instant Motion on February 5, 2015. Plaintiff's Motion is untimely.

Because the deadline has passed, Rule 16, and not Rule 15, of the Federal Rules of Civil Procedure applies. "When the deadline . . . to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the [Federal Rule of Civil Procedure] 16(b)(4) good cause standard." *5860-5888 Westheimer Ltd. v. Orvis Houston, Inc.*, CIV. A. No. H–08–1327, 2008 WL 5045910, at *1 (S.D. Tex. Nov. 24, 2008) (citing *S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)); *accord Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (*per curiam*); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (internal citations and quotation marks omitted). In determining whether good cause exists, a court assesses four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and citations omitted). If the court determines good cause exists, the deadline

can be extended, and the more liberal standard of Rule 15(a) will then apply to the request for leave to amend. *See Fahim*, 551 F.3d at 348

The Court now applies the four factors in the context of this case. Plaintiff does not offer an explanation for its failure to timely move for leave to amend. Plaintiff asserts that he was unable to include the new cause of action for constructive discharge at the time he filed his Second Amended Complaint on April 30, 2014, because he was still employed with Defendant. *See* Mot. ¶ 4. Plaintiff, however, fails to explain why he did not move to amend his complaint between the time he was placed on disability retirement on July 25, 2014, and the applicable deadline of October 21, 2014. This factor therefore weighs in favor of denying leave to amend.

The second factor—the importance of the amendment—would appear to favor granting leave to amend, but Plaintiff again does not directly address the factor in either his Motion or his Reply. Defendant in turn argues that this factor favors denying the Motion because the proposed amendment would not survive a motion to dismiss. *See* Resp. 4. Defendant states that Plaintiff's proposed amended cause of action "fails to provide facts, beyond the labels and conclusions that would raise [Plaintiff's] right to relief beyond a speculative level." *See id.*

Courts typically consider this argument in the context of whether a proposed amendment would be futile under Rule 15 of the Federal Rules of Civil Procedure. *See, e.g., Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Nevertheless, because Plaintiff did not address the importance of the proposed amendment, the Court will consider whether its possible futility makes it unimportant.

Defendant's argument usually requires a detailed analysis of the proposed pleading in relation to the causes of action asserted. *See Amin-Akbari v. City of Austin, Tex.*, No. 1:13–CV–472–DAE, 2014 WL 4929315, at *3 (W.D. Tex. Oct. 1, 2014) (quoting *Moore v. Dallas Indep.*

*Sch. Dist.*, 557 F. Supp. 2d 755, 759 (N.D. Tex. 2008)). "To avoid this premature determination of the merits, the standard for denying an amendment based on futility is that if a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Id.* (internal quotation marks and citation omitted). Here, without undertaking a more detailed analysis, it is unclear if the proposed amendment would be futile. Yet, the Court still concludes that this balance favors denying the Motion.

The Court notes that even without the amendment, Plaintiff would still have claims to prosecute against Defendant. Denying the Motion would therefore not preclude Plaintiff from all relief. Additionally, Plaintiff's lack of urgency, exhibited by his failure to amend his pleading within the three months available to him, indicates the lack of importance Plaintiff placed on the amendment. Accordingly, this factor supports denying the Motion.

The third factor is addressed by both parties. Plaintiff first states that Defendant will suffer no prejudice because there is no surprise, as Defendants "own records indicate this change in status from disability leave to disability retirement status." Mot. ¶ 5; *accord* Reply 2–3. Plaintiff further argues lack of surprise by pointing out that Defendants produced documents that showed Plaintiff's change in employment status. *See* Reply 2–3. Plaintiff also argues that discovery has already been completed or is near completion. *See* Reply 2. Specifically, Plaintiff states that documentary discovery is complete and that as of the day the Motion was filed, no depositions had been taken. *See* Mot. ¶ 7; Reply 2. Consequently, no additional discovery requests are necessary. *See* Reply 2.

Defendants respond that Plaintiff "ignores the impact of the proximity to the discovery deadline on limiting discovery." Resp. 4. Defendant also argues that just because it knew the effective date of Plaintiff's voluntary retirement, it does not mean they could predict that

Plaintiff would challenge "the voluntariness of that retirement." *Id.* Defendant concludes that "Plaintiff['s] proposed amendments significantly increase [the] size and value of the complaint beyond the original administrative claim and the Second Amended Complaint, thereby possibly impacting the Defendant's decisions regarding witnesses to be deposed or employment of expert witnesses." *Id.* 4–5.

The Court agrees with Defendant. Rather than serving as a predictor that Plaintiff would challenge his status change, the fact that Defendant knew the effective date of the status change and seeing that Plaintiff was not making a claim for constructive discharge could have misled Defendant into believing that Plaintiff would not be contesting it. Moreover, discovery is nearly concluded: only thirteen days remained in discovery when the Motion was filed. This weighs against granting the Motion. Conversely, Defendant does not specify any prejudice it will suffer, instead conjecturing that it "possibly" could have impacted its decisions during discovery. Resp. 5. The Court concludes, then, that the overall prejudice to Defendant is low. This factor weighs slightly in favor of denying the Motion.

The final factor is the availability of a continuance to cure any such prejudice. Plaintiff states that "[t]o the extent Defendant needs additional time for discovery prior to the July, 2015[,] trial date, Plaintiff will gladly agree . . . ." Reply 4–5. Defendant does not request a continuance, supporting the Court's analysis that any prejudice it will suffer is quite low. Trial is currently scheduled for July 27, 2015. *See* Scheduling Order 3. Any continuance the Court granted would therefore cure the prejudice suffered by Defendant. This factor supports granting the Motion.

In conclusion, three factors support denying the Motion, and one factor supports granting the Motion. The Court finds that on balance, the factors do not support granting the Motion.

The Court reaches this conclusion because even though the prejudice to Defendant is low, Plaintiff did not explain why he did not seek leave to amend his live pleading between the time his status changed on July 25, 2014, and the applicable deadline of October 21, 2014. Instead, Plaintiff waited almost seven months before filing his Motion. "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright et al., Fed. Prac. & Pro. § 1522.1 (2d ed. 1990)). The Court cannot say that Plaintiff acted with the required diligence in seeking the amendment. Moreover, even without the constructive discharge claim, Plaintiff is still able to proceed on all of the claims in his Second Amended Complaint. Accordingly, the Court denies the Motion.

### III. CONCLUSION

**IT IS HEREBY ORDERED THAT** Plaintiff Thomas J. Morris' "Motion for Leave to Amend Complaint" (ECF No. 19) is **DENIED**.

So ORDERED and SIGNED this 6th day of April, 2015.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE